UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>EDUARDO ALVAREZ, and others,<br><br>             Defendants. | Case No. 14-cr-00120 EMC (NC)<br><br>**ORDER GRANTING JAIRO HERNANDEZ'S MOTION FOR DISCLOSURE OF SAN FRANCISCO POLICE DEPARTMENT INFORMANT MANAGEMENT MANUAL**<br><br>Re: Dkt. No. 238 |

Defendant Jairo Hernandez moves for disclosure of the San Francisco Police Department's Informant Management Manual. The government concedes that it possesses the Manual and has even admitted it into evidence in a recent trial in this Court. The defendant has established that the manual is material to preparing the defense in this seventeen-defendant gang RICO case, as it will be relevant to the credibility of informants. The Court therefore grants the motion for disclosure under Federal Rule of Criminal Procedure 16(a)(1)(E)(i).

14-cr-00120 EMC (NC)
ORDER FOR DISCLOSURE

## BACKGROUND

The Superseding Indictment in this case charges seventeen defendants, in nineteen counts, with a racketeering conspiracy. Dkt. No. 241. The alleged racketeering enterprise is the "19th Street Sureños, including its leadership, members, and associates, such as the members of the 16th Street Sureños . . ." *Id.* ¶ 13. The alleged conspiracy began "since at least the early 1990s" and continues to present. *Id.* ¶ 15. All seventeen defendants are alleged to be members of the racketeering conspiracy. The Superseding Indictment also charges all defendants with conspiracy to commit murder in aid of racketeering (Count Two: 18 U.S.C. § 1959(a)(5)); and conspiracy to commit assault with a dangerous weapon in aid of racketeering (Count Three: 18 U.S.C. § 1959(a)(6)). Individual defendants are charged with murder, attempted murder, assault with a dangerous weapon, and various firearms offenses.

Discovery in this case has been referred to the undersigned magistrate judge. Dkt. No. 104.

## DISCUSSION

"Rule 16 of the Federal Rules of Criminal Procedure grants defendants a broad right to discovery, providing that '[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . documents . . . within the government's possession, custody, or control . . . [that are] material to preparing the defense . . . .'" *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (quoting Fed. R. Crim. P. 16(a)(1)(E)(i)). "To receive discovery under this Rule, the defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* (internal quotations omitted). In reviewing a request for discovery under Rule 16, the question is whether the information will help the defendant in preparing a defense, not whether the information will ultimately prove a defense. *Id.* at 1151 ("Even if the documents caused Doe to completely abandon the entrapment defense and take an entirely different path, the documents would still have been 'material to preparing the defense' under Rule

16(a)(1)(E)(i)."); *United States v. Soltero*, No. 13-cr-0007 SI, 2013 WL 228520, at *2 (N.D. Cal. May 13, 2013) (granting in part motion for disclosure where information sought was relevant to "developing a number of potential defenses").

In this case, there is no question that the government has possession and control of the Manual. After first asserting that it did not possess the Manual, the government later admitted that it recently presented the Manual as a trial exhibit in *United States v. Furminger,* case number 14-cr-00102 CRB. Dkt. No. 268 (supplemental USA brief). Moreover, "the federal government deems the SFPD its agent for this case and thus has assumed, and will continued to assume, responsibility for conducting any *Brady/Giglio* inquiries and making any required disclosures for the San Francisco Police Department, as it would for a federal law enforcement agency." Dkt. No. 183.

Any argument that the Manual is shielded from disclosure by the law enforcement privilege was waived when the Manual was presented by the government and discussed by a witness at trial in the *Furminger* case.

The remaining question is whether the Manual is "material to preparing the defense" under Rule 16(a)(1)(E)(i). The Court finds that the discovery sought by the defense is material and should be produced because the evidence is relevant to challenging the credibility of informant witnesses. *See United States v. Norita,* 708 F. Supp. 2d 1056, 1060-61 (D.N.M.I. 2010) (ordering production of DEA field manual pertaining to use of confidential informants). In addition, SFPD Gang Task Force Sergeant Nicholas Chorley testified about the Manual in this case in the context of a pending dispute over a defense motion for a document retention order. *See* Dkt. Nos. 171, 185, 197. The Court finds that the discovery sought is material to the defense's arguments challenging the document retention policies of the police, which could lead to a trial defense that the police have destroyed or failed to retain relevant information.

In sum, the Court finds that the defense has established that the Manual is possessed by the government; is material to preparing a defense; and that it is not privileged. The Court therefore orders the government to produce to the defense within 14 days the San

1  Francisco Police Department's Informant Management Manual that was in effect during the
2  investigation and prosecution of this case.
3        The Court keeps the hearing set for December 17 at 11:00 a.m. on calendar so that
4  other discovery and scheduling issues may be discussed.
5        IT IS SO ORDERED.
6        Date: December 16, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge