1
2
3
4
5
6
7
8

9          **UNITED STATES DISTRICT COURT**

10        **NORTHERN DISTRICT OF CALIFORNIA**

11           **SAN FRANCISCO DIVISION**

12

13  UNITED STATES OF AMERICA,                Case No. 14-cr-00120 EMC (NC)

14            Plaintiff,                     **ORDER TO FEDERAL, STATE, AND
                                             LOCAL AGENCIES TO PRESERVE**
15        v.                                 **EVIDENCE**

16  EDUARDO ALVAREZ, and others,

17            Defendants.

18

19              **INTRODUCTION**

20          This is an evidence preservation order directed to federal, state, and local law

21  enforcement officers and agencies involved in the investigation of this case and the

22  defendants charged in it.  The Superseding Indictment charges seventeen defendants, in

23  nineteen counts, with a racketeering conspiracy.  Dkt. No. 241.  The alleged racketeering

24  enterprise is the "19th Street Sureños, including its leadership, members, and associates,

25  such as the members of the 16th Street Sureños . . ." *Id.* ¶ 13.  The alleged conspiracy

26  began "since at least the early 1990s" and continues to present. *Id.* ¶ 15.  All seventeen

27  defendants are alleged to be members of the racketeering conspiracy.

28  //

The Superseding Indictment charges the following defendants:

Eduardo Alvarez a/k/a "Clumsy"; Elias Chavez a/k/a "Kiko"; Luis Cid-Salinas a/k/a "Lonely"; Ignacio Cruz a/k/a "Nacho"; Juan Carlos Garcia-Gomez a/k/a "Lil Ghost"; Jairo Hernandez a/k/a "Joker"; Orlando Carlos Hernandez a/k/a "Chisto"; Jusef Nathan a/k/a "Boo"; Rogelio Real a/k/a "Payaso"; Mario Serrano a/k/a "Caballo"; Alberto Torres a/k/a "Taz"; Carlos Vasquez a/k/a "Malo"; Weston Venegas a/k/a "Cartoon"; Michael Viera a/k/a "Lil Rocks" a/k/a Rocks"; Miguel Ortiz a/k/a "Mute" a/k/a "Silent"; Antonio Castillo a/k/a "Tone" a/k/a "T-Mac"; and Marvin Cortez a/k/a "Marv" a/k/a "Mickey" a/k/a "Miki."

The federal government has agreed that it "deems the SFPD [San Francisco Police Department] its agent for this case and thus has assumed, and will continued to assume, responsibility for conducting any *Brady/Giglio* inquiries and making any required disclosures for the San Francisco Police Department, as it would for a federal law enforcement agency." Dkt. No. 183.

Discovery in this case has been referred to the undersigned magistrate judge. Dkt. No. 104.

The parties agree that an evidence preservation order directed to law enforcement agencies is appropriate, but have been unable to agree upon the scope of the order. The government's proposed orders are at docket entries 168 and 194. The defendants' proposed order is at docket entry 196. Similar preservation orders have been entered in previous RICO conspiracy cases in this District, such as by Judge Susan Illston in *United States v. Ortiz,* No. 12-cr-0119 SI, Dkt. No. 217 (filed 7/25/2012).

In an effort to understand the evidence collection and retention policies of the San Francisco Police Department, the Court heard testimony from SFPD Gang Task Force Sergeant Nicholas Chorley over two days. *See* Dkt. Nos. 177, 197. Defendants' counsel were permitted to cross-examine Sergeant Chorley. SFPD legal counsel Ronnie Wagner was present and presented SFPD's objections to an overly broad preservation order.

The Court considered all the information presented and enters the following evidence preservation order, granting in part and denying in part the proposals made by the parties:

## EVIDENCE PRESERVATION ORDER

1.     For the time period January 1, 1990, to the present, any law enforcement office or agency, including any laboratory, medical examiner, or coroner, that has investigated or has conducted examinations or tests of evidence in this matter, namely of defendants Eduardo Alvarez a/k/a "Clumsy"; Elias Chavez a/k/a "Kiko"; Luis Cid-Salinas a/k/a "Lonely"; Ignacio Cruz a/k/a "Nacho"; Juan Carlos Garcia-Gomez a/k/a "Lil Ghost"; Jairo Hernandez a/k/a "Joker"; Orlando Carlos Hernandez a/k/a "Chisto"; Jusef Nathan a/k/a "Boo"; Rogelio Real a/k/a "Payaso"; Mario Serrano a/k/a "Caballo"; Alberto Torres a/k/a "Taz"; Carlos Vasquez a/k/a "Malo"; Weston Venegas a/k/a "Cartoon"; Michael Viera a/k/a "Lil Rocks" a/k/a Rocks"; Miguel Ortiz a/k/a "Mute" a/k/a "Silent"; Antonio Castillo a/k/a "Tone" a/k/a "T-Mac"; and Marvin Cortez a/k/a "Marv" a/k/a "Mickey" a/k/a "Miki", must retain all officers' notes, reports, laboratory/medical examiner/coroner materials and notes, and physical evidence pertinent to this matter, until further order of the Court.

2.     For the period January 1, 1990, to the present, the SFPD must preserve all notes, reports, memoranda, files, and physical evidence which memorialize information received from, or benefits provided to, any informant or cooperator or confidential source who provided information against any of the above-named defendants or which on their face mention or refer to any documented member of the 19th Street Sureños or the 16th Street Sureños.  This provision specifically, but not exclusively, covers any such informant or cooperator or confidential source who provided information utilized in obtaining authorization in 2012 for the interception of telephone communications which included those of certain of the defendants named in Paragraph 1 above.

3.     SFPD must preserve all notes, reports, memoranda, files, and physical evidence which memorialize information received from any witness who provided information about any of the homicides charged in the pending Superseding Indictment or not charged currently but attributed to any of the charged defendants or to another member of the 19th Street Sureños or the 16th Street Sureños.

4.     For the period January 1, 1990, to the present, the SFPD must preserve all

Alpha Files, inter-departmental memoranda, binders of reports, sets of photographs of tattoos, or other documents or records which on their face discuss or pertain to the 19th Street Sureños or the 16th Street Sureños.

5.     For the period January 1, 1990, to the present, the SFPD must preserve any exculpatory information pertaining to each of the defendants in this matter and to each of the offenses and acts identified in the Superseding Indictment.

6.     For the period January 1, 1990, to the present, SFPD must preserve any information about witness assistance funds related to any homicides and crimes charged in this case; and witness assistance funds related in any way to the 19th Street Sureños or the 16th Street Sureños.

7.     The SFPD must preserve the materials identified in this order whether maintained in the Gang Task Force, under the authority of the Captain of the Major Crimes Division, or in some other division or bureau of the SFPD.  No administrative division or characterization will exempt the SFPD from preserving the items identified in this Order.

8.     The United States Attorney's Office must by December 31, 2014, serve a copy of this Order upon Homeland Security Investigations, the San Francisco Police Department, the San Francisco District Attorney's Office, and all other federal, state, and local law enforcement agencies involved in the investigation of this matter.  Moreover, the United States Attorney's Office must ensure that this Order is distributed to all necessary SFPD personnel, including but not limited to the Chief, Deputy Chief of Operations, Captain of Major Crimes, all Station commanders, all members of the Gang Task Force, and all homicide inspectors involved in the homicides charged in this case.  By January 9, 2015, the United States Attorney's Office must file a declaration and proofs of service that it has complied with this provision.

9.     Should any office, agency, agent, or officer object to any portion of this Order, that objection may be presented to this Court in writing, either through the office of the United States Attorney, or directly by the office, agency, agent, or officer.

10.     This Order does not address whether preserved materials will be subject to

14-cr-00120 EMC (NC)
PRESERVATION ORDER                    4

discovery or disclosure.  Likewise, this Order does not address the admissibility of preserved materials.  The government has not conceded that materials subject to preservation under this Order must be disclosed or discovered.

IT IS SO ORDERED.

Date: December 17, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge