1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  14-cr-00120-EMC-1 |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' REQUEST RE MOTION CHALLENGING VENIRE** |
| EDUARDO ALVAREZ, *et al.* | Docket No. 570 |
| Defendant. | |

On January 28, 2016, Defendants Eduardo Alvarez, Elias Chavez, Luis Cid-Salinas, Ignacio Cruz, Juan Carlos Garcia-Gomez, Jairo Hernandez, Orlando Carlos Hernandez, Jusef Nathan, Rogelio Real, Mario Serrano, Alberto Torres, Carlos Vasquez, Weston Venegas, Michael Viera, Miguel Ortiz, Antonio Castillo, and Marvin Cortez requested permission to reserve filing a motion to challenge the cross-section of the venire used to indict this case.  Docket No. 570. Specifically, Defendants asked to file their motions after decisions were rendered in *United States v. Cervantes*, Case No. 12-cr-792-YGR and *United States v. Williams*, Case No. 13-cr-764-WHO, in which the jury composition issues were being litigated.  *Id.* at 1, 2.

The Court **DENIES** Defendants' request to file a motion challenging venire at a later date. Per the pretrial order, Defendants' motion challenging venire was due on January 13, 2016. Docket No. 462 at 2.  However, Defendants did not file their motion or even their request for permission to later file a motion challenging venire until after the deadline had passed. Defendants provide no explanation for their untimely request; at best, Defendants' counsel states that after she contacted the jury administration office for the Northern District of California to inquire about the jury wheels used to select the grand jury on January 26, 2016, she was informed that the grand juries who returned the original Indictment and Superseding Indictment were

chosen from the 2013 jury wheel.  Docket No. 570 at 2-3.  This is not new information;

Defendants have been in possession of this information since January 18, 2015, when Judge

Cousins issued his order on Defendants' motion for discovery.  *See* Docket No. 313 at 1.  Further,

discovery on the relevant information and materials from the indicting grand jury was produced by

the government on January 29, 2015, almost a year prior to the date Defendants' motion

challenging venire was due.  *See* Docket No. 572, Appendix A.  Thus, Defendants have failed to

act with due diligence in making their request.

Even if Defendants had acted with diligence, Defendants make no compelling showing for

why the Court should allow a late motion challenging venire given that both *Cervantes* and

*Williams* have considered and resolved the issues Defendants now rely upon.  In *Cervantes*, Judge

Gonzalez Rogers granted a request for updated materials on the 2013 jury wheel, but then found:

> In light of this order of further discovery, and because H. Cervantes
> has not otherwise shown "substantial failure to comply" with the
> Jury Selection and Service Act or deprivation of his Due Process or
> Equal Protection rights, the Court **DENIES** H. Cervantes's motion to
> the extent he seeks a stay of proceedings (*see* Dkt. No. 741 at 9–10).
> 28 U.S.C. § 1867(a) ("In criminal cases, . . . the defendant may
> move to dismiss the indictment or stay the proceedings against him
> on the ground of substantial failure to comply with the provisions of
> this title in selecting the grand or petit jury."); *United States v.
> Hernandez-Estrada*, 749 F.3d 1154, 1159 (9th Cir. 2014) (en banc)
> (explaining the three-part test set out in *Duren v. Missouri*, 439 U.S.
> 357, 364 (1979) to establish a prima facie violation of the fair cross-
> section requirement); *Hernandez-Estrada*, 749 F.3d at 1167
> ("[S]tatistical proof of underrepresentation does not end the inquiry
> in equal protection cases. The challenging party must also establish
> discriminatory intent . . . .").

*Cervantes*, Case No. 12-cr-792-YGR, Docket No. 788 at 2.

In *Williams*, Judge Orrick found that the defendants' motion regarding jury composition

relied heavily on an expert declaration submitted in *Cervantes*.  *Williams*, Case No. 13-cr-764-

WHO, Docket No. 758 at 6.  Judge Orrick found that "Judge Gonzalez Rogers denied the motion

to the extent that it sought relief on the merits."  *Id.* at 7.  He went on to explain:

> Perhaps more discovery regarding the composition of the grand jury
> would be justified if Williams had made a stronger showing on the
> merits of his claimed violations of the Jury Selection and Service
> Act, the due process clause, and the equal protection clause. But I
> agree with Judge Gonzalez Rogers (who was faced with essentially

**United States District Court**
For the Northern District of California

the same showing made here) that the claims as presented are not promising. In particular, even assuming that the expert declaration provides a colorable grounds for a finding of underrepresentation, there is no showing of substantial failure to comply (for the purposes of the Jury Selection and Service Act), systematic exclusion (for the purposes of the due process claim) or discriminatory intent (for the purposes of the equal protection claim). It is not clear to me how the further discovery Williams seeks regarding the composition of the grand jury would produce evidence to support these missing links.

*Id.* Given these rulings, both of which were issued prior to Defendants' request, there is no reason to grant Defendants' request essentially seeking a continuance based on further expected rulings in *Cervantes* and *Williams*.

Furthermore, the schedule set for the filing of this motion was part of a larger detailed case management schedule providing for a clear sequence of disclosures and motions leading up to trial. The schedule was carefully crafted by the parties months ago with the purpose of establishing a timely and orderly sequence of events in preparation for trial. Granting an open ended continuance (on no showing of need) threatens that schedule.

For these reasons, Defendants' request is **DENIED**. However, if prior to June 2, 2016, either Judge Gonzalez Rogers or Judge Orrick finds a constitution violation with respect to the cross-section, Defendants may seek leave for permission to file a motion challenging venire.

This order disposes of Docket No. 570.

**IT IS SO ORDERED**.

Dated: February 12, 2016

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

3