UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JUAN CARLOS GARCIA-GOMEZ, et al.,<br><br>　　　　Defendants. | Case No.  CR14-0120 EMC<br>**THIRD AMENDED PRETRIAL ORDER FOR CRIMINAL JURY TRIAL AND BRIEFING SCHEDULE (motions dates changed on page 3)**<br><br>(**trial group #1**<br>Juan Carlos Garcia-Gomez, Jairo Hernandez, Rogelio Real and Carlos Vasquez)<br>(**trial group #2 -** Miguel Ortiz, Antonio Castillo and Marvin Cortez) |

Good cause appearing, it is hereby ordered that:

1. <u>TRIAL DATE</u>

    a. Jury trial is scheduled for 8/29/2016 at 8:30 a.m. in Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California. Typical court day for trial is 8:30 a.m. to 2:00 p.m.; **Thursdays** are dark. **<u>The second trial will trail the first trial.</u>**

    b. The length of trial is expected to last not more than **14 weeks.**

2. <u>DISCOVERY</u>

    Both sides will comply with the Federal Rules of Criminal Procedure and Criminal Local Rule 16-1. The United States will comply with *Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Agurs*, 427 U.S. 97 (1976).

3. <u>MOTIONS</u>
    The Court set the following motions briefing schedule:

    a. 12/16/2015 hearing on facial challenge to state wiretap

    Defense motion:　　　　11/4/2015
    Government opposition:　11/25/2015

```
Defense reply:      12/2/2015
Hearing:            12/18/2015 (9:30 a.m.) (reset from 12/16/2015)
```

b. 2/17/2016 hearing on defense fair cross-section motion re venire (as to which discovery has already been provided pursuant to a protective order)

```
Motion:        1/13/2016
Opposition:    1/27/2016
Reply:         2/3/2016
Hearing:       2/17/2016 (2:00 p.m.)
```

c. 3/16/2016 deadline for disclosure of scientific experts (government and defense) and non-scientific (e.g., police) experts – Rule 16(a)(1)(G) reports)

The government anticipates offering expert testimony in the fields of DNA analysis, firearms and toolmark analysis, fingerprint analysis. The government is still considering whether to offer testimony from any law enforcement gang expert(s), and will notify defendants before 3/16/ 2016 if possible. The defense has requested notification at the first opportunity so that the defense can retain experts if necessary to prepare to confront or to rebut prosecution experts.

Defendant Vasquez and the government anticipate selecting a laboratory for DNA testing in connection with the Giants baseball cap recovered shortly after the Lacayo murder.

d. 3/16/2016 deadline for full Rule 16 Attorneys' Eyes Only "(AEO)" disclosure of unredacted discovery

For both trial groups (with exception of certain civilian witnesses in Trial Group Two, to be identified with in camera submission of names to the Court; as to these, disclosure under AEO protective order will be tied to date five months before commencement of second trial). The government has agreed to include in this disclosure Jencks Act statements for all cooperators, including grand jury transcripts (if any) of cooperators. Subsequent sharing of AEO unredacted discovery with defendants will occur at date set by Magistrate Judge Cousins.

e. 3/23/2016 disclosure by government of coconspirator statements and Rule 404(b) material and notice of an intent to use any such evidence.

Disclosure will cover both trial groups (but with any necessary exception as to disclosure identifying civilian witnesses covered by delayed disclosure in Trial Group Two).

2

    f.   5/11/2016 hearing on defense motions to suppress state and federal searches

          Motions:                   4/6/2016
          Oppositions:           4/20/2016
          Replies:                    4/27/2016
          Hearing:                  5/11/2016 (**1:00 p.m.**)

    g.   6/2/2016 hearing on defense motions challenging Rule 801(d)(2)(E) and/or rule 404(b) evidence.  Given the nature of this issue, this hearing could potentially require the taking of evidence, and the defense therefore requests that a full day be set aside.  The government takes the position that admissibility of individual coconspirator statements is better reserved for trial, at which point the Court will have the benefit of a more fully developed record.

          Motions:                   4/27/2016
          Opposition:            5/11/2016
          Replies:                    5/18/2016
          Hearing:                  **6/2/2016 (9:30 a.m.)**

    h.   7/1/2016 hearing on gang experts (including limitations to scope of testimony, Daubert challenges, and sufficiency of the notice provided).  Given the nature of this issue, this hearing could potentially require the taking of evidence, and the parties therefore request that a full day be set aside.

          Motions:                   5/18/2016
          Oppositions:           6/1/2016
          Replies:                    6/8/2016
          Hearing:                  **7/1/2016 (9:30 a.m.)**

    i.   7/6/2016 hearing on defense Franks motion/substantive challenge to state wiretap.  Given the nature of this issue, this hearing could potentially require the taking of evidence, in which case the Court may wish to set aside a full day for the hearing.  The timing and length of the hearing will depend on the number and scope of issues (if any) as to which the Court orders an evidentiary hearing.

          Motion:                    6/1/2016
          Opposition:            6/15/2016
          Reply:                      6/22/2016
          Hearing:                  7/6/2016 (**2:00 p.m.**)

j.  6/29/2016 hearing on severance motions

    Motions:                       5/25/2016
    Oppositions:            6/8/2016
    Replies:                    6/15/2016
    Hearing:                 6/29/2016 (2:00 p.m.)

k.  8/2/2016 hearing on motions in limine

    All parties' motions:    6/28/2016
    All oppositions:        7/12/2016
    All replies:               7/19/2016
    Hearing:                 8/2/2016 (2:00 p.m.)

4.  PRETRIAL CONFERENCE

a.  A pretrial conference will be held on **8/9/2016 at 10:00 a.m.**   The attorneys who will try the case shall attend the conference and be prepared to discuss the matters set forth in Criminal Local Rule 17.1-1.

b.  **On or before 7/19/2016,** the parties shall complete the following (these include – consistent with a defendant's right to an effective defense – pretrial statement, trial brief, joint exhibit list, witness lists, jury instructions, joint voir dire/jury questionnaire questions):

    (1)  Serve and file a pretrial statement pursuant to Crim. L.R. 17.1-1(b).

    (2)  Serve and file a trial brief setting forth the following:

        (a)  A description of each offense charged in the case.

        (b)  A description of all of the relevant facts upon which the parties stipulate.

        (c)  A brief description of the law applicable to each alleged offense, including, but not limited to, a listing of the elements of each alleged offense and affirmative defense and any instructions that the Court should consider in reaching a decision in the case.

        (d)  Points of law on any other issues relevant to the trial,

4

including all foreseeable procedural and evidentiary issues.

(3) Serve and file a joint exhibit list in tabular form, with (a) a column that briefly describes the exhibit; (b) a column that describes for what purpose the party will offer the exhibit and identifies its sponsoring witness; (c) a column that states any objections to the exhibit; (d) a column that briefly responds to the objections; and (e) a blank column for the Court's use.  Before this list is filed with the Court, the parties shall meet and confer, in person, to consider exhibit numbers, to eliminate duplicate exhibits and confusion over exhibits, and to make a good faith effort to stipulate to admissibility. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

(4) Serve and file a list of the witnesses that each party intends to call at the trial in its case-in-chief, not including rebuttal witnesses, briefly setting forth for each witness the substance of their testimony.

(5) Exchange exhibits, which shall be pre-marked (plaintiff shall use numbers; defendant shall use non-duplicative consecutive numbers as agreed in advance) and tabbed.

(6) Deliver two (2) binders of all pre-marked exhibits to chambers (exhibits are not to be filed).  *Exhibits must be premarked.  In addition, one set of exhibits must be tagged.*  Exhibits shall be three-hole punched and shall be submitted in binders.  Sample tags are attached as Exhibit A hereto.

(7) Serve and file proposed jury instructions on all substantive issues and on any procedural issue not adequately covered by the Court's standard instructions (i.e. the <u>Ninth Circuit Manual of Model Criminal Jury Instructions</u> (2003 ed. as amended through 2006)

5

(also available on the Ninth Circuit website at www.ce9.uscourts.gov) shall be given absent objection: 1.1-1.12, 2.1-2.2, 3.1-3.2, 3.5-3.9, 7.1-7.6.

 (a) Any instruction contained in the Ninth Circuit Model Instructions Manual may be requested by designation of its number.

 (b) Each other instruction shall be requested by setting forth the instruction in full text on a separate sheet with reference to supporting legal authority.

 (c) Prior to filing the proposed instructions, the parties shall meet and confer and work in good faith towards a stipulated set of instructions. If a full agreement is not reached, the parties shall enumerate the instructions on which an agreement is reached and then list separately the additional instructions proposed by each party.

(8) Serve and lodge a proposed form of verdict and proposed questions for jury voir dire. Voir dire questions not agreed to shall be listed separately.

c. **On or before 7/26/16**, the parties shall:

(1) Serve and file any formal objections to the opposing party's witnesses. As to objections to exhibits on the exhibit list, the objecting party shall set forth a detailed basis for each objection. Failure to do so shall be deemed a waiver.

d. No party shall be permitted to call any witness or offer any exhibit in their case in chief that is not disclosed pursuant to this Pretrial Order, without leave of Court for good cause shown, consistent with defendant's right to an effective defense.

e. All motions *in limine* shall be heard at the Pretrial Conference.

1  5.  CHALLENGES AND JURY QUESTIONNAIRE

2  Parties to submit jointly proposed written voir dire questions no later than three (3)
3  weeks before the Pretrial Conference.  The procedure for exercising peremptory challenges in
4  Criminal Local Rules 24-2 and 24-3 will be observed absent objection by the parties.

5  6.  COPIES

6  Each document filed or lodged with the Court must be accompanied by a copy for
7  use in the Judge's chambers.

8  7.  CHANGE OF PLEA

9  Counsel shall give prompt notice to the United States Attorney and to the Court of
10  any intention to change a previously entered not guilty plea.  A written plea agreement must be
11  submitted at least one (1) day in advance of the plea.

12  8.  Jury instructions, proposed form of verdict, and requested voir dire shall also be
13  submitted to Chambers in Word format on a CD.

14  Dated:  March 31, 2016

_____
EDWARD M. CHEN
United States District Judge

# Juror Questionnaire

1. Name
2. City of residence
3. Occupational status.
4. Educational background.
5. Organizations.
6. Hobbies.
7. Marital status.
8. Spouse's occupation.
9. Children (including ages).
10. If a juror on another case.
11. If ever a grand juror.
12. If ever in the military.

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk |
|---|---|---|
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk |