UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  14-cr-00120-EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT GARCIA-GOMEZ'S MOTION TO SUPPRESS** |
| EDUARDO ALVAREZ, *et al.*, | Docket No. 613 |
| Defendant. | |

Defendant Garcia-Gomez moves to suppress evidence seized pursuant to a 2008 search warrant for gang-related documents and items.  Docket No. 613 ("Motion").  The Government opposes this motion, arguing the warrant was supported by probable cause.  Docket No. 630 ("Opposition").  Having considered the evidence and the arguments of the parties, the Court **GRANTS** the motion to suppress.

A.     Facts

In May 2008, Mr. Garcia-Gomez was arrested for attempting to sell a controlled substance. Garcia-Gomez Ex. C.  The arresting officer, Sergeant Chorley of the San Francisco Police Department, applied for a warrant to search for and seize from Mr. Garcia-Gomez's residence evidence related to the selling of illegal narcotics, as well as evidence of Mr. Garcia-Gomez's participating in the 19th Street Sureños.  *Id.*  In support of the request to seize gang-related items, Sergeant Chorley's Affidavit stated that:

- Mr. Garcia-Gomez had been arrested for selling cocaine base as part of a "Buy/Bust" operation;

- This occurred in 19th Street Sureño territory;

- In the course of being charged, Mr. Garcia-Gomez stated that he was a Sureño;

- Upon searching Mr. Garcia-Gomez's cell phone during the arrest, Sergeant Chorley found photos of Mr. Garcia-Gomez with Sureño gang members; and

- Mr. Garcia-Gomez had recent gang tattoos.

*Id.*  Sergeant Chorley stated he expected the evidence seized from Mr. Garcia-Gomez's residence to support charges of violating California Health and Safety Code Section 11352(a) (transportation, sale, and giving away of a controlled substance), and California Penal Code Section 186.22(a) ("Section 186.22(a)") (participation in a criminal street gang).  *Id.*  The Superior Court of San Francisco issued the search warrant.  *See* Garcia-Gomez Ex. A.

B.    Analysis

    1.    Legal Standard

        Where a magistrate has issued a search warrant, that decision is reviewed "for clear error." *United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir. 2004), *as modified*, 425 F.3d 1248 (9th Cir. 2005).  Deference is given to the magistrate's determination, and the reviewing court asks whether "the magistrate had a substantial basis to conclude that the warrant was supported by probable cause."  *Id.*; *see also United States v. Vargem*, 566 F. App'x 580, 581 (9th Cir. 2014) ("The district court did not err in holding that the magistrate judge who issued the search warrant had a 'substantial basis to conclude that the warrant was supported by probable cause'").  Whether there is probable cause is a "commonsense practical question," requiring "[n]either certainty nor a preponderance of the evidence."  *United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007).  Where a magistrate has found probable cause, this "will not be reversed absent a finding of clear error."  *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993).

    2.    The Warrant Lacked Probable Cause

        Mr. Garcia-Gomez argues that the 2008 warrant lacked probable cause because there was no evidence that his sale of cocaine was at all gang-related or involved any other gang member. [1]

---

[1] The warrant to search Mr. Garcia-Gomez's home was based on an alleged violation of Section 186.22(a).  *See* Garcia-Gomez Ex. B.  However, Mr. Garcia-Gomez's briefing discusses both Section 186.22(a)'s requirement that a crime involve more than two gang members, and Section 186.22(b)'s requirement that a crime be gang-related.  *See* Mot. at 3-4 (discussing "gang-related crime"); Reply at 2-3 (discussing the requirement for more than two gang members). Accordingly, the Court discusses both.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1 | Mot. at 3, 6; Reply at 2-5.  He is correct.

2 |     Section 186.22(a) makes it a crime to "actively participate[] in any criminal street gang

3 | with knowledge that its members engage in or have engaged in a pattern of criminal gang activity,

4 | and . . . willfully promote[], further[], or assist[] in any felonious criminal conduct by members of

5 | that gang . . . ."  The California Supreme Court has held that this statute, by referring to "conduct

6 | by members of that gang," requires at least two gang members to be involved in the underlying

7 | crime.  *People v. Rodriguez*, 55 Cal. 4th 1125, 1133 (2012).  This accords both with the plain

8 | language of the statute, and the necessity of avoiding "punishing mere gang membership," which

9 | could violate due process rights.  *Id.* at 1133-34.  Section 186.22(a) does not require that the

10 | underlying offense further the interests of the gang; it reaches any crimes that gang members

11 | happen to commit together.  *See id.*; *see also People v. Albillar*, 51 Cal. 4th 47, 55 (2010) (holding

12 | gang members had violated Section 186.22(a) where three gang members committed a rape

13 | together, though the crime was not gang-related).  It does, however, require "at least two gang

14 | members" to be involved in the crime.  *Rodriguez*, 55 Cal. 4th at 1132.

15 |     In its Opposition, the Government points to evidence showing that Mr. Garcia-Gomez was

16 | a gang member.  Opp. at 2-3.  That, however, is not the issue.  What the Government needed to

17 | show, and what Sergeant Chorley should have shown in 2008, was that Mr. Garcia-Gomez's

18 | cocaine sale was gang-related or involved another member of the gang.  There is no indication of

19 | this in the affidavit.  Indeed, the facts contained in the affidavit suggest the sale (of $20 worth of

20 | cocaine) was individualized and personal to Mr. Garcia-Gomez.  During the arrest, Mr. Garcia-

21 | Gomez stated that "It was just those two stones.  I needed the money."  Garcia-Gomez Ex. B.  To

22 | a magistrate reading Sergeant Chorley's affidavit, this should suggest that the drug crime did not

23 | involve other gang members, and was not committed for gang-related purposes.  The mere fact

24 | that the sale occurs in an area allegedly within the turf of the Sureños gang does not establish in

25 | itself probable cause to believe the sale was gang-related.  Sergeant Chorley did not say that he

26 | had previously arrested Mr. Garcia-Gomez for selling drugs on behalf of the Sureños, that the

27 | officers dealt with any other Sureños during the course of the sale, or even that any other Sureño

28 | was involved with Mr. Garcia-Gomez in dealing cocaine.  Ex. C.  Sergeant Chorley's affidavit

**United States District Court**
For the Northern District of California

1 | showed probable cause to believe Mr. Garcia-Gomez had sold cocaine base and probable cause to

2 | believe Mr. Garcia-Gomez was a member of the 19th Street Sureños, but lacked probable cause to

3 | believe the two were connected or more specifically at least two gang members were involved in

4 | the sale. *Id.*

5 | Mr. Garcia-Gomez correctly argues that gang membership itself is not a crime under

6 | California law.  Reply at 2 (citing *People v. Gardeley,* 14 Cal.4th 605, 623 (1996)).

7 | Because gang membership is not a crime, and the plain language of Section 186.22(a)

8 | requiring at least two gang members' involvement, the Superior Court committed a "clear error"

9 | in issuing the warrant.

10 |        3.      <u>The Good Faith Exception Does Not Apply</u>

11 | Where a warrant is unsupported by probable cause, evidence obtained from the warrant's

12 | execution may be suppressed.  *Weeks v. United States*, 232 U.S. 383.  However, the Supreme

13 | Court has established a "good faith" exception to this general rule, which applies where an officer

14 | acted "in objectively reasonable reliance" on the warrant.  *United States v. Leon*, 468 U.S. 897

15 | (1984).  There are also exceptions to the exception: where the affiant misled the magistrate, where

16 | the magistrate abandoned his or her judicial role, where the affidavit is "so lacking in indicia of

17 | probable cause as to render official belief in its existence entirely unreasonable," and where the

18 | warrant is so vague as to be facially deficient.  *Id.* at 922-23.

19 | The Government argues that the good faith exception applies because there was probable

20 | cause to believe that Mr. Garcia-Gomez had dealt drugs and participated in the 19th Street

21 | Sureños.  Opp. at 9.  As explained above, however, this misses the mark: for probable cause to

22 | exist as to the Section 186.22(a) violation, Sergeant Chorley needed to show some <u>connection</u>

23 | between these two facts.  He did not, and the lack of a connection is obvious upon even a cursory

24 | glance at the affidavit.  Accordingly, the good faith exception does not apply.

25 | The Government did not argue that *Rodriguez* and *Albillar* were decided after this warrant

26 | was issued and executed.  Nevertheless, that makes no difference here.  As the California Supreme

27 | Court pointed out, Section 186.22(a)'s "plain meaning" requires "at least two gang members" to

28 | be involved.  *Rodriguez*, 55 Cal. 4th at 1132.  Moreover, *Gardeley*'s statement that gang

membership by itself is not a crime had been issued over a decade *before* this warrant was executed. *See Gardeley,* 14 Cal. 4th at 623. Accordingly, no reasonable officer could rely on an affidavit that set forth only facts of a sale of a small amount of cocaine without probative facts connecting the sale to the gang.

Because the warrant lacked probable cause and the good faith exception does not apply, the Court **GRANTS** Defendant Garcia-Gomez's Motion to Suppress.

This order disposes of Docket No. 613.

**IT IS SO ORDERED**.

Dated: May 25, 2016

_____
EDWARD M. CHEN
United States District Judge