UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO ALVAREZ, *et al.*,<br><br>Defendant. | Case No. 14-cr-00120-EMC<br><br>**ORDER DENYING DEFENDANT CORTEZ'S MOTION TO SUPPRESS**<br><br>Docket No. 649 |

Defendant Marvin Cortez filed a motion under seal ("Motion") to suppress evidence seized during a search of Mr. Cortez's residence. *See* Docket No. 649 ("Motion"). The Government opposed this Motion. *See* Docket No. 690 ("Opposition"). The Court heard argument on the Motion on June 3, 2016. Having considered the parties' briefs and the arguments presented at the hearing, the Court **DENIES** Mr. Cortez's Motion to Suppress.

A.  Factual Background

On November 10, 2014, Special Agent Alicia MacDonald applied for and received a warrant to search the premises of 1218 Girard Street, San Francisco, California. *See* Docket No. 649-1 ("Cortez Exhibit B"). Along with statements describing the Sureño gang, Agent MacDonald's Affidavit contained the following statements regarding Mr. Cortez:

- Agent MacDonald had four years of experience in Homeland Security Investigations, where she was assigned to the Gang Unit in San Francisco, Cortez Ex. B at SW-0387;
- Based on her experience, Agent MacDonald knew Mr. Cortez to be a member of the 19th Street Sureños, *id.* at SW-0390, SW-0392;
- Agent MacDonald knew Mr. Cortez to have the gang moniker of "Marv," Mickey,"

or "Miki," *id*.;

- "[O]n or about August 16, 2011," a text message was sent from Mr. Cortez to Mr. Vasquez, saying "Hey moreno is on 19 right now," *id*. at SW-0394;

- Mr. Vasquez was "indicted for the shooting death" of "Moreno," which occurred shortly thereafter in August 2011, *id*. at SW-0394, SW-0389; and

- Mr. Cortez had been indicted by a federal grand jury "for multiple violations of federal law," *id*. at SW-0390.

Agent MacDonald also incorporated the federal indictment into her Affidavit by reference. *Id*. at SW-0388, SW-0390, SW-0394; *see also id*. at SW-0400 ("Indictment"). The Indictment stated that,

- Mr. Cortez, along with sixteen other individuals, conspired to violate Title 18, United States Code, Section 1962 ("RICO"), *see* Indictment ¶ 15;

- Mr. Cortez, along with sixteen other individuals, "conduct[ed] and participate[d] . . . in the conduct of . . . a pattern of racketeering activity," which "consisted of multiple acts and threats involving murder . . . multiple acts involving dealing in controlled substances . . . and multiple acts indictable under [RICO]" such as "tampering with a witness, a victim, or an informant" and "obstruction of justice," *see id*.;

- Mr. Cortez, along with sixteen others, "agree[d] together and with each other to commit murder," and "agreed together and with each other to kill actual and suspected Norteños, actual and suspected members of other gangs, individuals who defied the will of the 19th Street Sureños, and individuals suspected of cooperating with law enforcement," *id*. ¶ 20;

- Mr. Cortez, along with sixteen others, "conspire[d] to commit murder," and "agreed together and with each other to kill actual, with malice aforethought, actual and suspected members of rival gangs, individuals suspected of cooperating with law enforcement, individuals who defied the will of the 19th Street Sureños," *id*. ¶ 49;

2

- Mr. Cortez, along with sixteen others, "agree[d] together and with each other to commit assault with a dangerous weapon," and "agreed together and with each other to assault with firearms, knives, and other dangerous weapons," "actual and suspected Norteños, actual and suspected members of other gangs, individuals who defied the will of the 19th Street Sureños, and individuals suspected of cooperating with law enforcement," *id.* ¶ 22.

- On July 19, 2014, Mr. Cortez, along with Miguel Ortiz and Antonio Castillo, "knowingly and intentionally did murder Victim-10," "for the purpose of gaining entrance to, and increasing and maintaining position in, the 19th Street Sureños" gang, *id.* at ¶ 46;

- On July 19, 2014, Mr. Cortez, along with Miguel Ortiz and Antonio Castillo, knowingly and intentionally "did use, carry, and discharge a firearm at Victim-10" as part of the RICO conspiracy, *id.* at ¶ 47;

- On July 19, 2014, Mr. Cortez, along with Miguel Ortiz and Antonio Castillo, "did cause the death of a person through the use of a firearm" "during . . . the murder in aid of racketeering of Victim-10," *id.* at ¶ 48;

- On July 19, 2014, Mr. Cortez, along with Miguel Ortiz and Antonio Castillo, "knowingly and intentionally did kill, with malice aforethought, Victim-10," *id.* at ¶ 55; and

- In a "Notice of Special Findings," Mr. Cortez "intentionally killed the victim . . . intentionally inflicted serious bodily injury that resulted in the death of the victim . . . intentionally participated in the act, contemplating that the life of a person would be taken . . . intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person . . . and . . . acted after substantial planning and premeditation to cause the death of a person," *id.* at ¶ 65.

Based on the statements in the Affidavit and the Indictment, Agent MacDonald believed "there is probable cause to believe that [Cortez's home] presently contain[s] evidence of the existence of

1 and [Mr. Cortez's] association with the 19th Street Sureños, which would constitute evidence, instrumentalities, and fruits of a [RICO] violation."[1] *Id*. at SW-0394.  A federal magistrate judge agreed and granted the requested search warrant.  *Id*. at SW-0395.

B. <u>Analysis</u>

    1. <u>Legal Standard</u>

The Fourth Amendment prohibits "unreasonable searches and seizures."  U.S. Const. amend. IV.  It permits a warrant to issue only "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  *Id*.  Probable cause exists when, "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  In determining whether there is probable cause, judges are instructed to take "a practical, common-sense" approach, and to consider "all the circumstances set forth in the affidavit before [the judge], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information . . . ."  *Id*.

Where a magistrate judge has issued a search warrant, that decision is reviewed "for clear error."  *United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir. 2004), *as modified*, 425 F.3d 1248 (9th Cir. 2005).  Deference is given to the magistrate's determination, and the reviewing court asks whether "the magistrate had a substantial basis to conclude that the warrant was supported by probable cause."  *Id*.; *see also United States v. Vargem*, 566 F. App'x 580, 581 (9th Cir. 2014) ("The district court did not err in holding that the magistrate judge who issued the search warrant had a 'substantial basis to conclude that the warrant was supported by probable cause'").  Whether there is probable cause is a "commonsense practical question," requiring "[n]either certainty nor a preponderance of the evidence."  *United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007).  Where a magistrate judge has found probable cause, this "will not be reversed absent a finding of clear error."  *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993).

Applying this standard, the Court upholds the warrant as supported by probable cause.

---

[1] The Indictment stated "[t]he 19th Street Sureños . . . constitute[d] an 'enterprise' as defined in [RICO]," and that the Sureños' acts formed a pattern of racketeering activity.  *Id*. ¶ 13.

2. <u>Probable Cause</u>

Mr. Cortez challenges Agent MacDonald's Affidavit as "facially insufficient to provide probable cause." Mot. at 3. He argues that probable cause cannot be established by "[c]onclusions of the affiant unsupported by underlying facts." *Id*. at 8 (quoting *United States v. Underwood,* 725 F.3d 1076, 1081 (9th Cir. 2013)). Nor can probable cause "rest solely upon the existence of an Indictment." *Id*. (citing *United States v. Ellsworth,* 647 F.2d 957, 964 (9th Cir. 1981). He argues the Affidavit "contained no facts supporting probable cause that weapons" or "gang-related indicia would be found at Mr. Cortez's residence." Mot. at 11.

The Court addressed virtually identical arguments in this case, in Mr. Hernandez's motion to suppress. *See* Docket No. 732 ("Hernandez Order"). As the Court explained in the Hernandez Order, Agent MacDonald's Affidavit incorporated the Indictment by reference. And as noted in the Hernandez Order, while the magistrate judge may not rely on the fact *of* an indictment, she was entitled to rely on the facts *within* the Indictment.

Read together, the Affidavit and Indictment set forth facts establishing Mr. Cortez's active involvement in the 19th Street Sureños gang. And they do so with fair specificity. The Indictment describes (1) Mr. Cortez's conduct, (2) the date on which that conduct occurred, (3) against whom Mr. Cortez acted, (4) with whom Mr. Cortez acted, and (5) why Mr. Cortez performed this act. Moreover, Agent MacDonald's Affidavit as to Mr. Cortez includes a specific fact that was not present in her Affidavit as to Mr. Hernandez: only two weeks before the death of "Moreno," allegedly at the hands of Mr. Vasquez, Mr. Cortez sent a text message to Mr. Vasquez notifying him of Moreno's whereabouts. Ex. B at SW-0394. This additional fact renders Agent MacDonald's Affidavit as to Mr. Cortez even stronger in showing probable cause than her Affidavit as to Mr. Hernandez. *See* Hernandez Order at 4-8. Accordingly, for the reasons discussed in the Hernandez Order, the Court finds the warrant to search Mr. Cortez's residence was supported by probable cause. Furthermore, as in Mr. Hernandez's situation, even if the warrant was defective, the officers here acted in objectively reasonable reliance on the warrant issued by the magistrate judge. *See id*. at 8-9.

Mr. Cortez also argues that, in executing the warrant, the officers exceeded the scope of the

warrant and violated the protocol regarding electronic searches. Mot. at 14-17. Mr. Cortez's arguments regarding protocol and scope are virtually identical to those advanced by Mr. Hernandez. For the reasons discussed in the Hernandez Order, the Court finds these arguments unpersuasive and will not suppress on these grounds. *See* Hernandez Order at 9-11.

Accordingly, the Court **DENIES** Mr. Cortez's motion to suppress.

This order disposes of Docket No. 649.

**IT IS SO ORDERED**.

Dated: June 9, 2016

_____
EDWARD M. CHEN
United States District Judge